UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD J. GIBSON,

    Petitioner,

vs.

WARDEN, London Correctional
Institution,

    Respondent.

Case No. 3:22-cv-173

District Judge Michael J. Newman
Magistrate Judge Chelsey M. Vascura

---

**ORDER: (1) OVERRULING PETITIONER'S OBJECTIONS (Doc. No. 22); (2) DENYING PETITIONER'S MOTION FOR LEAVE TO FILE A MEMORANDUM IN SUPPORT OF HIS REQUEST FOR AN EVIDENTIARY HEARING (Doc. No. 23); (3) DENYING PETITIONER'S MOTION FOR LEAVE OF COURT TO APPOINT A DOCTOR TO VERIFY PHYSICAL EVIDENCE (Doc. No. 24); (4) DENYING PETITIONER A CERTIFICATE OF APPEALABILITY; AND (5) CERTIFYING THAT ANY APPEAL OF THIS ORDER WOULD BE OBJECTIVELY FRIVOLOUS AND FINDING THAT *IN FORMA PAUPERIS* STATUS SHOULD BE DENIED ON APPEAL**

---

This *pro se* habeas case is before the Court on Petitioner's: (1) objections (Doc. No. 22) to the Order denying his request for an evidentiary hearing (Doc. No. 21) issued by United States Magistrate Judge Chelsey M. Vascura; (2) motion for leave to file a memorandum in support of his request for an evidentiary hearing (Doc. No. 23); and (3) motion for leave of court to appoint a doctor to verify certain physical evidence (Doc. No. 24).[1]  In her Order, Judge Vascura noted that Petitioner failed to meet his burden to justify an evidentiary hearing under prevailing Supreme Court and Sixth Circuit precedent.  *See* Doc. No. 21 at PageID 412–13.  This prompted Petitioner's objections and motions.  First, in his objections, he argues that he is entitled to present physical

---

[1] *Pro se* filings are to be liberally construed and "however inartfully pleaded, must be held to less stringent standards than formal pleadings." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  The undersigned has applied this liberal standard to the present case.

evidence to undermine the state court jury verdict finding him guilty of sexual crimes beyond a reasonable doubt.  Doc. No. 22 at PageID 415–17.  Second, although he styles his second motion as a request to amend his objections under Fed. R. Civ. P. 15, Petitioner's sole justification for amendment is that he is entitled to an evidentiary hearing for the reasons stated in his objections. Doc. No. 23 at PageID 420–22.  Third, he asks this Court to appoint a doctor to verify physical evidence that he offers to support his claim of actual innocence, while also insisting on the legal merits in his petition.  *See* Doc. No. 24 at PageID 424–25, 429.  Respondent has not filed responses to Petitioner's objections and motions, and the time to do so has passed.  Consequently, this matter is ripe for review.

Upon careful *de novo* consideration of the foregoing, the Court determines that Petitioner's objections should be overruled, and his motions should be denied.  His objections lack merit, as Judge Vascura correctly found that he was not entitled to an evidentiary hearing.  *See* Doc. No. 21 at PageID 412–13.  As Judge Vascura's Order noted, even assuming that Petitioner presents "new" evidence, this evidence would only impeach the victim and the investigating detective's trial testimony, so it does not entitle him to an evidentiary hearing on his claims.  *See, e.g.*, *Harris v. Stegall*, 157 F. Supp. 2d 743, 750–51 (E.D. Mich. 2001); *Plaza v. Hudson*, No. 1:07-CV-674, 2008 WL 5273899, at *10 (N.D. Ohio Dec. 17, 2008); *cf. Schriro v. Landrigan*, 550 U.S. 465, 475 (2007) ("If district courts were required to allow federal habeas applicants to develop even the most insubstantial factual allegations in evidentiary hearings, district courts would be forced to reopen factual disputes that were conclusively resolved in the state courts").

Further, as referenced above, Petitioner's motion to amend reargues his position that he is entitled to an evidentiary hearing, and that is the sole basis for which he seeks amendment. *Compare* Doc. No. 21 *with* Doc. No. 23.  Motions to amend merit denial where the proposed

amendment would be futile, meaning "the amendment could not withstand a . . . motion to dismiss." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (quoting *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).  Because granting Petitioner leave to amend would permit him to assert the same meritless request for an evidentiary hearing, then, for the reasons stated, this request for amendment should be denied as futile. *See, e.g.*, *Wiedbrauk v. Lavigne*, 174 F. App'x 993, 1000 (6th Cir. 2006).

Finally, Petitioner's motion to have this Court appoint a doctor to verify the physical evidence that he wishes to submit to support his actual innocence claim runs afoul of the legal principles previously stated.  Petitioner again merely restates his conclusions that he is entitled to an evidentiary hearing, so this motion shall be denied for the reasons identified in Judge Vascura's Order. *See, e.g.*, *Plaza*, 2008 WL 5273899, at *10.  Nothing in that Order addresses the merits of Petitioner's underlying petition, so the Court notes that these rulings, in no way, bar Petitioner from seeking to litigate the merits of that petition.  Rather, they are limited solely to why Petitioner's objections should be overruled and the present motions should be denied.

Accordingly, the Court: (1) **OVERRULES** Petitioner's objections (Doc. No. 22); (2) **DENIES** Petitioner's motion for leave to file a memorandum in support of his request for an evidentiary hearing (Doc. No. 23); (3) **DENIES** Petitioner's motion for leave of court to appoint a doctor on his behalf (Doc. No. 24); (4) **DENIES** Petitioner a certificate of appealability; and (5) **CERTIFIES** that any appeal would be objectively frivolous and **FINDS** that *in forma pauperis* status should be denied on appeal.

**IT IS SO ORDERED.**

  June 27, 2023                                              s/ Michael J. Newman
                                                                       Hon. Michael J. Newman
                                                                       United States District Judge