# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD J. GIBSON,

        Petitioner,   :   Case No. 3:22-cv-173

- vs -   District Judge Michael J. Newman
   Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

   :

        Respondent.

## DECISION AND ORDER DENYING MOTION TO COMPEL

This habeas corpus case, brought *pro se* by Petitioner Richard Gibson under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Compel (ECF No. 25).

The Motion seeks an order compelling Montgomery Country Prosecuting Attorney Mathias H. Heck, Jr., to deliver to Petitioner any material attorney Lucas Wilder, Petitioner's defense attorney in the underlying criminal case (*State v. Gibson*, Montgomery County Case No. 2019-cr-03197), delivered to the prosecutor in discovery in that case.

The Motion and attachments show that on May 24, 2023, Petitioner made a written demand to Mr. Heck for this material "pursuant to the *Public Records Request* 149.43, in conjunction with the FREEDOM OF INFORMATION ACT (FOIA)" (ECF No. 25, PageID 437). On June 2, 2023, Nathaniel Peterson, an Assistant Prosecuting Attorney, denied Petitioner's request because he is imprisoned, the material relates to a criminal investigation, and

1

> Under R.C. §149.43(8)(8), a public office such as the Montgomery County Prosecutor's Office is not required to permit a person who is incarcerated to obtain a copy of public records concerning a criminal investigation or prosecution unless the records requested are otherwise subject to release under RC. §149.43 and the judge who imposed the sentence (or that judge's successor) finds that the information sought is necessary to support what appears to be a justiciable claim of the inmate. RC. §149.43(8)(8); *State ex rel. Russell v. Bican,* 112 Ohio St.3d 559, 2007-Ohio-813*; State ex rel. Russell v. Thornton,* 111 Ohio St.3d 409, 2006-Ohio-5858; *State ex rel. Sevayega v. Reis* (2000), 88 Ohio St.3d 458, 459, 727 N.E.2d 910.

*Id.* at PageID 436.

Petitioner seeks to have this Court override Mr. Heck's denial and order him to produce the documents in question. He offers no substantive response to the denial, claiming only that the documents are

> material and germane to the four (4) assignments of error I presented to this Honorable court and in my subsequent traverse. The information goes to the direct proof and evidence of those errors of constitutional violations and denial of due process. This again is what I had stated previously in that the prosecuting office is denying me the ability to mount a(n) affirmative defense and they continue to suppress exculpatory evidence in my on-going litigation to prove my innocence. . . . They give no regard to the actual truth, only to suppress and continue to deny me my rights.

*Id.* at PageID 434.

## Analysis

**Freedom of Information Act**

Petitioner has no right under the Freedom of Information Act to any of the described documents.

The Freedom of Information Act, 5 U.S.C. § 552 (the "FOIA"), was enacted in 1966 to permit broad access to official information. *See United States Dep't of Justice v. Reporters Comm.*

2

*for Freedom of the Press*, 489 U.S. 749, 772-73 (1989).  Its purpose is "to permit the public to scrutinize government's performance of its duties and promote governmental honesty . . . ." *Manchester v. Drug Enforcement Admin., U.S. Dept. of Justice*, 823 F. Supp. 1259 (E. D. Pa. 1993).  The general philosophy of FOIA is "'full agency disclosure unless information is exempted under clearly delineated statutory language.'" *Department of Air Force v. Rose*, 425 U.S. 352, 360-61 (1976) (quoting S. Rep. No. 813, 89th Cong., 1st Sess. 3 (1965)).  However, in order for an individual to obtain access to documents through an FOIA action, it must be established that an "agency" has "improperly withheld agency records." *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136 (1980).  The FOIA defines "agency" as "any executive department, military department, Government corporation, Government controlled corporation, or other establishment in the executive branch of the Government (including the Executive Office of the President), or any independent regulatory agency."  5 U.S.C. § 552(f).

In other words, FOIA actions are limited to information in the hands of the federal government.  This is not an FOIA action and Mr. Heck's office is not a federal agency.

**Ohio Public Records Act**

Under Ohio Rev. Code § 149.43, any record kept by a governmental unit must be made available for inspection by the general public, unless specifically exempted or prohibited from release by state or federal law.  The burden of proving the exemption is on the governmental unit. *State, ex rel. Natl. Broadcasting Co. v. Cleveland,* 38 Ohio St. 3d 79, ¶2 of the syllabus (1988).

The Montgomery County Prosecuting Attorney's Office is a governmental unit within the intendment of the Public Records Act.  However, this Court lacks subject matter jurisdiction to

adjudicate the public records dispute between Petitioner and Mr. Heck's office. To begin with, Mr. Heck has not in any way been made a party to this case. To adjudicate the Petitioner's Public Records Act claim without allowing Mr. Heck an opportunity to respond would violate fundamental principles of due process[1]. Second, Petitioner could not bring an action under the Public Records Act to compel Mr. Heck to disclose these records. Mr. Heck and Petitioner are both citizens of Ohio, precluding jurisdiction under 28 U.S.C. § 1332. Any claim Petitioner has against Mr. Heck for these records under Ohio Revised Code § 149.43 arises under Ohio and not federal law, precluding jurisdiction under 28 U.S.C. § 1331. Mandamus will lie and is indeed the appropriate remedy to compel a public office to disclose records. *State ex rel Steckman v. Jackson*, 70 Ohio St. 3d 420, 426-27 (1994).

**Conclusion**

For the foregoing reasons, the Motion to Compel is DENIED.

August 10, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge

Copy to
Nathaniel Peterson by email at petersonn@mcohio.org

---

[1] Petitioner apparently did not serve a copy of his Motion on Mr. Heck.