## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT DAYTON

RICHARD J. GIBSON,

                Petitioner,             :    Case No. 3:22-cv-173

   - vs -                       District Judge Michael J. Newman
                                 Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

                              :
                Respondent.

---

## DECISION AND ORDER GRANTING MOTION TO EXPAND THE RECORD AND CLARIFYING EFFECT OF THIS RULING

---

This habeas corpus case, brought *pro se* by Petitioner Richard Gibson under 28 U.S.C. § 2254, is before the Court on Petitioner's Motion to Expand the Record Due to Newly Discovered Evidence (ECF No. 26).

The documents sought to be added to the record by this Motion are "copies of the work summary that the court appointed counsel Lucas Wilder provided the Common Pleas court, and what he was paid by the Clerk of the Court." *Id.* at PageID 442.  These documents have been authenticated by Common Pleas Judge Mary Montgomery as part of the record of the Common Pleas Court in Petitioner's underlying criminal case.  They are not part of the State Court Record filed in this Court by Respondent (See ECF No. 9[1]).  The documents were generated in March and

---

[1] No criticism of Respondent's counsel is intended by this observation.  Respondent was ordered to file only "those portions of the state court record needed to adjudicate this case." (Order, ECF No. 2, PageID 30). Respondent's counsel cannot reasonably have anticipated any need to file these records.  In the course of considering hundreds of

April, 2020, shortly after the representation ended.  If material to a claim of ineffective assistance of trial counsel, they could have been added to the record on appeal.  However, Petitioner did not raise ineffective assistance of trial counsel as a claim on direct appeal (See Opinion, *State v. Gibson*, State Court Record, ECF No. 9, Ex. 18).  He did raise an ineffective assistance of trial counsel claim in post-conviction which Judge Montgomery rejected on the merits and on the basis of *res judicata* because it could have been adjudicated on direct appeal (See Decision and Entry, State Court Record, ECF No. 9, Ex. 24).  Petitioner never perfected an appeal from that decision. See *Id.* at Ex. 29.

Thus the documents Petitioner seeks to add come within the broad definition of materials which can be added under Rule 7(b) of the Rules Governing § 2254 Cases.  They have been authenticated.  They are "related" to the Petition as required by Rule 7(a).  Accordingly the Motion to Expand the Record by adding Mr. Wilder's work summary sheets is GRANTED.

However, Petitioner should not read this Order as accepting the many inferences he draws from these documents.  In particular Petitioner notes his intention to file additional materials he was then expecting from Mr. Wilder and Prosecuting Attorney Mathias H. Heck, Jr., "for review under my request for a(n) evidentiary hearing pursuant to § 2254 (e) as none of this was available to me previously."  (Motion, ECF No. 26, PageID 443).  After Petitioner filed this Motion on June 21, 2023, District Judge Newman filed an Order which, among other things, affirmed Magistrate Judge Vascura's denial of an evidentiary hearing in this case (ECF No. 27).  The addition of Mr. Wilder's work sheets to the record does not undermine that decision.

August 10, 2023.

s/ *Michael R. Merz*
United States Magistrate Judge

---

habeas corpus cases, this is the first instance the undersigned has seen of a desire by any petitioner to have such records added to the filed State Court Record.