IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RICHARD J. GIBSON,

        Petitioner,    :    Case No. 3:22-cv-173

- vs -    District Judge Michael J. Newman
    Magistrate Judge Michael R. Merz

WARDEN, London Correctional
  Institution,

        :
        Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case, brought *pro se* by Petitioner Richard Gibson, is before the Court on Petitioner's Objections (ECF No. 40) to the Magistrate Judge's Report and Recommendations (the "Report," ECF No. 35).  District Judge Newman has recommitted the case for consideration of the Objections (ECF No. 41).

**Ground One: Ineffective Assistance of Trial Counsel**

In his First Ground for Relief, Gibson claims he was denied effective assistance of counsel by his trial attorney's failure to present what Gibson describes as "critical physical evidence":

> My attorney court appointed, Lucas Wilder, was told by myself and April Gibson I have exculpatory critical physical evidence that exonerates me. I pierced my penis in June, 1999 and took it out Dec. 31, 2013. He failed to investigate it. He failed to medically verify it. He denied me an evidentiary hearing. He failed to cross-examine the

1

> victim with it to impeach the testimony given. There would have been a different outcome had he not prejudice the jury to suppress my end.

The first time Gibson presented this claim to any court was as his First Claim for Relief in his Petition for Post-Conviction Relief under Ohio Revised Code § 2953.21. Montgomery County Common Pleas Judge Mary Montgomery held this claim was barred by *res judicata*. Ohio's criminal *res judicata* doctrine, which has been held by the Sixth Circuit to be an adequate and independent state procedural law basis for deciding a case, requires that claims which can be decided on the direct appeal record must be presented there or be barred.

In opposing relief in this case, Respondent relied on Judge Montgomery's *res judicata* bar. Whether she was correct in her application of *res judicata* is a question of Ohio law which Gibson could have raised on appeal from her post-conviction decision. However, he never completed that appeal because he never filed an appellate brief (Opinion, State Court Record, ECF No. 9, Ex. 29).

In his Objections, Gibson claims he did not include this claim on direct appeal because his appellate attorney told him he could not because it depended on evidence outside the appellate record (Objections, ECF No. 40, PageID 567). That is indeed the test for distinguishing claims which must be brought on direct appeal and those which can be brought in post-conviction. If Gibson's appellate attorney was correct, then Judge Montgomery's *res judicata* ruling was in error. That error could have been raised on appeal from the post-conviction decision, but Gibson defaulted the claim by not filing a brief. If, on the other hand, the appellate attorney was incorrect, Gibson could have raised a claim of ineffective assistance of appellate counsel by filing an application to reopen the appeal under Ohio R. App. P. 26(B). However Gibson has defaulted that ineffective assistance of appellate counsel claim by never filing a 26(B) application within the time allowed by law (ninety days).

2

From this argument about the law of procedural default, Gibson turns to his claim of actual innocence. He now claims, for the first time in these proceedings, that the alleged sexual misconduct took place at an outside swimming pool, that his penile piercing was common knowledge to people at the pool, and the fact that the victim did not mention it at trial must mean it did not happen (Objections, ECF No. 40, PageID 568).

At this point in his Objections, Gibson again raises his desire for an evidentiary hearing to present evidence regarding the penile piercing. However, such a hearing to present that evidence is forbidden by 28 U.S.C. § 2254(e)(2) because the factual predicate of the claim – the existence of the penile piercing at the relevant time – was known to Gibson at all relevant times. The same bar applies to presentation of evidence that Gibson's blood sample, taken while he awaiting trial, showed no evidence of sexually-transmitted disease[1].

Gibson's claim that the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by suppressing evidence of the penile piercing is meritless because *Brady* only applies to evidence not known to a defendant. *United States v. Mullins*, 22 F.3d 1365, 1371 (6th Cir. 1994). There is no *Brady* violation where the defendant knew or should have known the essential facts permitting him to take advantage of any exculpatory information or where the evidence is available to the defendant from another source. *United States v. Clark*, 928 F.2d 733, 738 (6th Cir.), *cert. denied*, 502 U.S. 846 (1991).

For these reasons, review of Ground One on the merits is barred by Gibson's procedural defaults in presenting this claim to the Ohio courts. Those defaults are not excused by Gibson's assertions of actual innocence based on his penile piercing and blood testing. Ground One should

---

[1] Gibson's hypothesis for this claim appears to be that the victim had an STD which would have shown up in his blood sample if she were telling the truth about the rape claims. How he knows this or would prove it at a hearing is unexplained, but it would certainly depend on new evidence barred from consideration by § 2254(e)(2).

be dismissed with prejudice.

**Ground Three: Prosecutorial Misconduct**

In his Third Ground for Relief Petitioner claims the prosecutor violated his constitutional rights by not independently verifying the results of the police investigation. The Report recommends dismissing this claim as procedurally defaulted because it was never presented to the Ohio courts and also because it does not state a claim upon which habeas corpus relief can be granted.

Gibson makes no objection to the procedural default finding. Respecting cognizability, he merely says the prosecutor should have followed up on the police investigation. He cites no federal law holding a prosecutor has a constitutional duty to conduct such an investigation. Instead, he cites his years of medical training and experience (which he correctly states the undersigned does not have) as if that proved he had a constitutional right. The question of whether a prosecutor has a constitutional duty to investigate independently of the police is a legal, not a medical, question. Even if it were a medical question, Gibson's statements about his own medical experience are not a matter of record and cannot now be added to the record because of § 2254(e)(2).

**Ground Four Malicious Prosecution**

In his Fourth Ground for Relief, Gibson asserts the prosecutor's intent in prosecuting him was malicious. The Report recommends dismissing this claim on the same basis as Ground Three, to wit, that it was never presented to the Ohio courts and is not a cognizable constitutional claim.

Gibson objects by offering various definitions of malice (Objections, ECF No. 40, PageID

4

578).  He never cites any place where this claim was raised in the state courts or any federal precedent holding malicious prosecution violates any constitutional right.

A considerable portion of this Objection focuses on outdated precedent about circumstantial evidence.  Gibson claims the State presented only circumstantial evidence against him.  That is simply not so – the victim testified about what Gibson had done to her.  That is direct eyewitness testimony, not circumstantial evidence.

**Ground Five:  Insufficient Evidence**

In his Fifth Ground for Relief, Gibson claims his conviction is supported by insufficient evidence.  This claim was presented on direct appeal and the Report recommends denying relief because the appellate opinion is a reasonable application of controlling Supreme Court precedent, *Jackson v. Virginia*, 443 U.S. 307 (1979).

Gibson's Objection continues to confuse direct and circumstantial evidence.  As the Second District found, the victim testified directly to the sexual misconduct; whether or not to believe the victim was a question for the jury.

**Attachments to Objections**

Gibson has attached to his Objections his own Affidavit about what another inmate told him a staff member had said about his innocence.  He also attaches a number of fact sheets from the Centers for Disease Control about various sexually transmitted diseases.  Consideration of all of this material is barred by the same provision of law which bars an evidentiary hearing.

**Conclusion**

Having reconsidered the case as required by the Recommittal Order, the Magistrate Judge again recommends that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

August 30, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #