# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RICHARD J. GIBSON,

    Petitioner,   :  Case No. 3:22-cv-173

 - vs -        District Judge Michael J. Newman
             Magistrate Judge Michael R. Merz

WARDEN, London Correctional
 Institution,

             :
    Respondent.

## DECISION AND ORDER DENYING MOTION FOR RECUSAL

   This habeas corpus case, brought *pro se* by Petitioner Richard Gibson, is before the Court on Petitioner's Motion to Recuse (ECF No. 44).  The Motion asks the Magistrate Judge to recuse himself and, in any event, motions for recusal are directed in the first instance to the judicial officer sought to be removed. *Goward v. United States*, 2014 U.S. App. LEXIS 11694, *6 (6th Cir. 2014), *citing United States v. Balistrieri*, 779 F.2d 1191, 1202-03 (7th Cir. 1985); *United States v. Studley,* 783 F.2d 934, 940 (9th Cir. 1986); *In re Drexel Burnham Lambert, Inc.,* 861 F.2d 1307, 1312 (2nd Cir. 1988) *reh'g denied*, 869 F.2d 116 (2nd Cir. 1989); *United States v. Brunsman*, 2013 U.S. Dist. LEXIS 92971, *1 (S.D. Ohio 2013); *MacNeil v. Americold Corp.*, 735 F. Supp. 32, 36 (D. Mass. 1990)(specifically applying rule to United States magistrate judges).

   Petitioner brings his Motion under both 28 U.S.C. § 144 and § 455.  Under 28 U.S.C. § 144 the party seeking disqualification must make an affidavit of personal bias or prejudice, accompanied by his counsel's certificate that the affidavit is made in good faith.  When a party is

proceeding *pro se*, no counsel's certificate is required. While the affidavit is directed in the first instance to the judicial officer sought to be disqualified, if it is timely and legally sufficient, recusal is mandatory; the truth of the facts set forth in the affidavit are not drawn in question, but only their legal sufficiency. 13A C. Wright, A. Miller, and E. Cooper, FEDERAL PRACTICE AND PROCEDURE: JURISDICTION AND RELATED MATTERS 2D, §§ 3541, et seq., particularly § 3550. To be legally sufficient under § 144, assertions in an affidavit must be definite as to time, place, persons, and circumstances. *Berger v. United States*, 255 U.S. 22 (1921). Such detail is necessary to prevent abuse of § 144. *Grimes v. United States*, 396 F.2d 331 (9th Cir. 1968). One distinguished court has held that the appropriate level of detail is the same as required in a bill of particulars. *United States v. Mitchell*, 377 F. Supp. 1312 (D.D.C. 1974)(Sirica, J.), *aff'd. sub. nom. United States v. Haldeman*, 559 F.2d 31 (D.C. Cir. 1976).

Petitioner's Affidavit under § 144 is legally insufficient because it does not purport to show any **personal** bias. A disqualifying prejudice or bias must ordinarily be personal or extrajudicial. *United States v. Sammons,* 918 F.2d 592, 598 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1250 (6th Cir. 1989). That is, it "must stem from an extrajudicial source and result in an opinion on the merits on some basis other than what the judge learned from his participation in the case." *United States v. Grinnell Corp.*, 384 U.S. 563, 583 (1966); *see also Youn v. Track, Inc.,* 324 F.3d 409, 423 (6th Cir. 2003), *citing Grinnell*, *supra; Bradley v. Milliken,* 620 F.2d 1143, 1157 (6th Cir. 1980), *citing Grinnell*, *supra; Woodruff v. Tomlin*, 593 F.2d 33, 44 (6th Cir. 1979) (citation omitted). The Supreme Court has written:

> The fact that an opinion held by a judge derives from a source outside judicial proceedings is not a *necessary* condition for 'bias and prejudice' recusal, since predispositions developed during the course of a trial will sometimes (albeit rarely) suffice. Nor is it a *sufficient* condition for 'bias and prejudice' recusal, since some opinions acquired outside the context of judicial proceedings (for

2

>example, the judge's view of the law acquired in scholarly reading) will not suffice. ... [J]udicial rulings alone almost never constitute valid basis for a bias or partiality motion. See *United States v. Grinnell Corp.*, 384 U.S. 563, 583, 86 S. Ct. 1698, 16 L. Ed. 2d 778 (1966). ... Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible."

*Liteky v. United States,* 510 U.S. 540, 554-55 (1994); *see also Alley v. Bell*, 307 F.3d 380, 388 (6th Cir. 2002)(quoting the deep-seated favoritism or antagonism standard). I have absolutely no extrajudicial knowledge of Petitioner and he has not cited to any such supposed extrajudicial knowledge.

Under 28 U.S.C. § 455, different procedure is applicable: no motion or affidavit is required, since the statute places a burden on a judge to disqualify himself or herself *sua sponte*. There is no timeliness requirement. *Roberts v. Bailar*, 625 F.2d 125, 128 (6th Cir. 1980). The Court, moreover, need not accept as true the factual statements in the affidavit if one is filed[1]. *Phillips v. Joint Legislative Committee on Performance and Expenditure Review of Mississippi*, 637 F.2d 1014, 1019, n.6 (5th Cir. 1981).

Most of Petitioner's Affidavit argues with decisions made in the case by the undersigned. Making mistakes either of law or fact does not prove bias or prejudice. The remedy for such mistakes is by objection to the District Judge, which Petitioner has done (ECF Nos. 40 and 43).

The standard applied in evaluating recusal motions is an objective one. "[W]hat matters is not the reality of bias or prejudice, but its appearance." *Liteky v. United States,* 510 U.S. 540, 548 (1994). A federal judicial officer must recuse himself or herself where "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be

---

[1] For example, Petitioner claims his victim had an STD, but offers no proof.

questioned.  This standard is not based 'on the subjective view of a party,'" no matter how strongly that subjective view is held.  *United States v. Nelson*, 922 F.2d 311, 319 (6th Cir. 1990), *cert. denied* 499 U.S. 981 (1991); *Hughes v. United States*, 899 F.2d 1495, 1501 (6th Cir. 1990); *Wheeler v. Southland Corp.*, 875 F.2d 1246, 1251 (6th Cir. 1989); *Browning v. Foltz*, 837 F.2d 276, 279 (6th Cir. 1988).

Petitioner has not established a case for recusal under either § 144 or § 455.  The Motion to Recuse is DENIED.

September 11, 2023.

s/ *Michael R. Merz*<br>United States Magistrate Judge